IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02662-BNB

CLARENCE KING,

    Applicant, named as Plaintiff,

v.

MICHAEL MILLER, Warden[,] Crowley County Correctional Facility,

    Respondent, named as Defendant.

## ORDER OF DISMISSAL

    Applicant, Clarence King, named as Plaintiff, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He submitted *pro se* a document titled "Petition for Relief From a Conviction of Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)" (ECF No. 1).

    The Court reviewed the document and determined it was deficient. Therefore, on September 26, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. King to cure certain enumerated deficiencies within thirty days if he wished to pursue his claims. The September 26 order pointed out that Mr. King failed to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the proper, Court-approved form, together with a certificate of the warden showing the current balance in his inmate trust fund account. The September 26 order directed Mr. King to obtain, with the

assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and to use those forms in curing the designated deficiencies. The September 26 order warned Mr. King that if he failed to cure the designated deficiencies within thirty days as directed, the action would be dismissed without further notice.

On October 3, 2014, Mr. King paid the $5.00 filing fee. He has failed to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form within the time allowed. For the reasons stated below, the "Petition for Relief From a Conviction of Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)" will be denied, and this action will be dismissed.

The "Petition for Relief From a Conviction of Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)" is not on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that Mr. King was directed to use in the September 26 order.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Mr. King makes no mention of being denied access to the Court-approved form for filing an Application for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254, nor did he ask the Court to mail him the form because he was unable to obtain it.  Generally, "dismissal is an appropriate disposition against a part who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  See *Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not

abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).  Therefore, the "Petition for Relief From a Conviction of Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)" will be denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. King files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the "Petition for Relief From a Conviction of Sentence by a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)" (ECF No. 1) is denied, and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Clarence King, to file within the time allowed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form as directed in the order of September 26, 2014.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED November 7, 2014, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court